```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH DURKEE and KAREN DURKEE
in their own behalf and as next
friends of M.D., a minor child,

                           Plaintiffs,
                                                    06-CV-6293T

                v.                                  DECISION
                                                    and ORDER
LIVONIA CENTRAL SCHOOL DISTRICT, and
SCOTT BISCHOPING, in his official capacity
as Superintendent of the Livonia Central
School District,

                           Defendants.
_____
```

INTRODUCTION

Plaintiffs Joseph and Karen Durkee, acting on their own behalf and as representatives of their minor child M.D., bring this action pursuant to the Individuals in Education with Disabilities Act seeking a declaratory judgment and injunction against defendants Livonia Central School District ("the School District") and Scott Bischoping, the Superintendent of the School District. Specifically, the plaintiffs, who home-school their child, and who have refused publicly-funded special education services for their child, seek a declaration that they are not required to submit their child to a State evaluation for purposes of determining whether or not their child is eligible for publicly-funded education services. Plaintiffs contend that because they have already refused the offer of publicly-funded special education

assistance, there is neither any reason nor legal basis for forcing their child to be subjected to an evaluation which would determine whether or not they are entitled to such assistance.

By motion dated November 3, 2006, plaintiffs move for summary judgment on grounds that there are no material issues of fact in dispute, and that they are entitled to judgment in their favor as a matter of law.  Defendants oppose plaintiffs' motion, and cross-move for summary judgment, seeking a declaration that the School District is entitled to request a hearing before an impartial examiner for the purpose of determining whether or not a special-education evaluation is appropriate.

For the reasons set forth above, I grant the plaintiffs' motion for summary judgment, and deny defendants' motion for summary judgment.

BACKGROUND

Plaintiffs Joseph and Karen Durkee are the parents of M.D., their infant child who was born in 1991.  As a result of their religious beliefs, plaintiffs have home-schooled all of their children, including M.D.

In 2004, M.D.'s grandparents allegedly sent a letter to the then-Superintendent of the Livonia Central School District suggesting that M.D. may suffer from a learning disability.  As a result, the School District requested that M.D. be evaluated for purposes of determining whether or not M.D. qualified as a student

with a disability, and accordingly, would be entitled to publicly-funded special education services. After the plaintiffs declined the request for an evaluation on grounds that the plaintiffs would not seek or accept publicly-funded education services, defendants informed plaintiffs that it believed that the School District was compelled to conduct an evaluation, despite recognizing that the plaintiffs would not be required to accept any publicly-funded education or special education services. After the plaintiffs again refused to submit their child to a State evaluation, the School District initiated a due process proceeding pursuant to the Individuals in Education with Disabilities Act ("IDEA") for the purpose of determining whether or not M.D. should be subjected to an evaluation. After plaintiffs' motion to dismiss that proceeding was denied, an Impartial Hearing Officer determined that M.D. should be evaluated for determination of whether or not M.D. suffers from a learning disability. Plaintiffs' request for review of the Hearing Officer's determination was denied, and on June 14, 2006, plaintiffs filed the instant Complaint.

DISCUSSION

I.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

II. Statutory Requirements under the IDEA

The IDEA is a comprehensive statute designed to ensure that all children with disabilities have available to them a free, appropriate public education. 20 U.S.C. § 1400(d)(1)(a). In order to ensure that students with disabilities receive services to which they are entitled under the IDEA, the IDEA mandates that state or local educational agencies (hereinafter "school districts") enact programs to identify and evaluate those students who may need special education services. 20 U.S.C. § 1412(a)(3); 20 U.S.C. § 1414. Specifically, where it has come to the attention of a school district that a child may be eligible for special-education services, and neither the parent nor child has requested a determination of eligibility, the school district may request that an "initial evaluation" be conducted to determine if the child qualifies as a student with a disability. 20 U.S.C. § 1414(a)(1). In cases where the school district requests an initial evaluation,

the district must seek the permission of the child's parent or guardian prior to conducting the evaluation. 20 U.S.C. § 1414(a)(1)(D). If the parent or guardian refuses to consent to an evaluation, the IDEA provides that a school district may initiate proceedings before an impartial hearing officer to obtain authority to conduct the evaluation over the objection of a parent or guardian. 20 U.S.C. 1414(a)(1)(D)(ii)(I). While the IDEA provides that the school district may seek authority to conduct an evaluation over the objection of a parent or guardian, the Act explicitly recognizes that a parent or guardian is free to refuse any publicly-funded special education services offered by the district. 20 U.S.C. 1414(a)(1)(D)(ii)(II).

> III. The IDEA does not require that a child be evaluated for eligibility for special educations services where the <u>parents of the child have refused such services</u>.

At issue in this case is whether or not a school district can, over the objection of a student's parent or guardian, compel a student to undergo a State evaluation for determination of that student's eligibility for special education services where the student's parent or guardian has refused the receipt of those services. The plaintiffs argue that requiring their child to undergo a State examination over their objection for purposes of receiving benefits that they have already declined to accept is both oppressive and an unconstitutional intrusion on their liberty interests. Defendants counter that while the plaintiffs certainly maintain the right to refuse publicly-funded special education

services, the School District is nonetheless obligated under IDEA to identify students who are in need of such services regardless of whether or not those services are accepted. The defendants further contend that under the plain language of the statute, the defendants retain the right to ask an impartial hearing officer to make a determination as to whether or not an evaluation is appropriate under the circumstances.

The IDEA provides that in the absence of parental consent to an initial evaluation, or in cases where the parent or guardian repeatedly fails to respond to a request for consent: "the local educational agency may pursue the initial evaluation of the child by utilizing the procedures described in section 1415[1] of this title, except to the extent inconsistent with State law relating to such parental consent." 20 U.S.C. 1414(a)(1)(D)(ii)(I). While the IDEA recognizes that a parent may refuse publicly-funded special education services, the statute does not specifically address the situation presented here: where the parent of a student has objected to an evaluation, and has refused special education services prior to an evaluation being conducted.

While the statute is silent as to that specific issue, a recent Appeals Court ruling and Federal Regulation has addressed the issue of whether or not an evaluation could be compelled in a case where a parent has refused publicly-funded special education

---

[1] Section 1415 sets forth procedures for requesting a hearing before an impartial hearing officer charged with determining whether or not an evaluation is appropriate.

assistance. In <u>Fitzgerald v. Camdenton R-III</u>, the Eighth Circuit Court of Appeals held that in cases where a parent of a privately-educated student has refused publicly-funded special education services, requiring a student to undergo an evaluation would be "pointless." <u>Fitzgerald v. Camdenton R-III</u>, 439 F.3d 773, 776 (8th Cir. 2006). In doing so, the Court of Appeals noted that while the IDEA states that a district "may" pursue proceedings to obtain authority to conduct an evaluation, the use of permissive language in a statute does not give a school district "absolute discretion [to act] if [doing so] is inconsistent with the overall purposes of the Statute" <u>Fitzgerald</u>, 439 F.3d at 776 (citing <u>John T. v. Marion Independent School District</u>, 173 F.3d 684, 688-689 (8th Cir. 1999). The Appeals Court further found that requiring a student to undergo a state examination for purposes of determining whether or not the child was eligible for benefits which the child's parent had already refused was inconsistent with the IDEA as whole, particularly in light of the fact the overarching purpose of the IDEA, to ensure that all children have access to a free and appropriate education regardless of disability-status, would not be furthered by requiring a child to undergo such an examination. <u>Fitzgerald</u>, 439 F.3d at 776.

The Court of Appeals holding that the IDEA does not allow a school district to initiate proceedings for the purpose of determining a child's disability status in cases where the child's parent has refused publicly-funded special education services was

recently codified in regulations promulgated pursuant to the IDEA. In regulations promulgated by the United States Department of Education effective October 13, 2006, the Department of Education has explicitly stated that where parents home-school a child, or if the child is placed in a private school at the parents' expense, a school district may <u>not</u> use the consent override procedures of the IDEA to compel an evaluation in cases where a parent has refused to consent or respond to a request for an evaluation. 34 C.F.R. § 300.300(d)(4)(I).

Based on the authority set forth in <u>Fitzgerald</u> and the enactment of the Federal Regulations that followed, I find that the IDEA does not permit a school district to compel the evaluation of a student for determination of that student's eligibility for publicly-funded special education services where the student's parent has objected to such an evaluation and has refused to accept publicly-funded special-education services. As stated by the Eighth Circuit Court of Appeals, where a parent has waived any rights to publicly-funded special education services, requiring an evaluation over the objection of the parent would "have no purpose." <u>Fitzgerald</u>, 439 F.3d at 777. Accordingly, I grant plaintiff's motion for summary judgment, and deny the defendants' cross-motion for summary judgment.

Defendants object that this court may not ignore the plain language of the IDEA, which they claim clearly allows a school district to initiate procedures for determining whether or not an

evaluation is appropriate. Defendants concede that while a parent has the unequivocal right to refuse publicly-funded educational services, the plain, unambiguous language of the IDEA gives the district the right to initiate evaluation proceedings, and pursuant to established cannons of statutory interpretation, the court may not substitute its judgment for the plain unambiguous language of the statute, even if adopting the plain language would lead to a seemingly illogical result. See <u>Cervantes-Ascencio v. United States Imigration and Naturalization Service</u>, 326 F.3d 83, 86 (2nd Cir. 2003)("When construing statutes, we look to the statutory language which, if clear on its face, ends our analysis.")

I find, however, that while the language of 20 U.S.C. § 1414(20 U.S.C. 1414(a)(1)(D)(ii)(I) is clear in that it grants discretion to school districts to initiate procedures for the purpose of conducting a disabilities evaluation over the objection of a parent, that section, when read in context of the statute as a whole is not unambiguous. The primary purpose of the IDEA, as stated by Congress, is to "ensure that all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their needs . . . ." 20 U.S.C. § 1400(d)(1)(A). Moreover, the IDEA was meant to "ensure that the rights of children with disabilities and parents of such children are protected . . . ." 20 U.S.C. § 1400(d)(1)(B). Nevertheless, Congress also recognized that parents are free to reject any publicly-funded

special education assistance offered to them pursuant to the IDEA. 20 U.S.C. 1414(a)(1)(D)(ii)(II). Accordingly, in cases where a parent has refused to accept publicly-funded special education services prior to completion of an evaluation, a literal reading of Section 1414(a)(1)(D)(ii)(I) would not only fail to further the primary goal of the IDEA, but would in fact run counter to the Act's stated purpose of protecting the rights of children with disabilities and their parents. A literal interpretation of Section 1414(a)(1)(D)(ii)(I) would compel a child to be subjected to an unwanted evaluation by a governmental entity for purposes of determining eligibility for benefits which the parent has already refused. Moreover, the Department of Education has promulgated regulations which provide that in a situation such as this, a school district cannot compel a parent to subject his or her child to an evaluation for purposes of determining the child's eligibility for already-refused benefits. While the agency's interpretation of Section 1414(a)(1)(D)(ii)(I) is not binding on this Court, I find that its interpretation is persuasive in construing the statue. Accordingly, I reject the defendants' contention that a plain reading of the statute supports defendants' contention that it may compel evaluation procedures in cases where the parent of a home-schooled child objects to the evaluation and has refused publicly-funded special education benefits.

## CONCLUSION

For the reasons set forth above, I grant plaintiffs' motion for summary judgment, and hereby enjoin defendants from conducting a special education evaluation pursuant to the IDEA, or from seeking authority to conduct such an evaluation.  Defendants' cross-motion for summary judgment is denied.

    ALL OF THE ABOVE IS SO ORDERED.


    S/Michael A. Telesca
    MICHAEL A. TELESCA
    United States District Judge

Dated:     Rochester, New York
          February 28, 2007