```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JOSEPH DURKEE and KAREN DURKEE
in their own behalf and as next
friends of M.D., a minor child,

                        Plaintiffs,

                                                            06-CV-6293T

                             v.                              **DECISION**
                                                            **and ORDER**

LIVONIA CENTRAL SCHOOL DISTRICT, and
SCOTT BISCHOPING, in his official capacity
as Superintendent of the Livonia Central
School District,

                        Defendants.
_____

## INTRODUCTION

Plaintiffs Joseph and Karen Durkee, acting on their own behalf and as representatives of their minor child M.D., brought this action pursuant to the Individuals in Education with Disabilities Act seeking a declaratory judgment and injunction against defendants Livonia Central School District ("the School District") and Scott Bischoping, the Superintendent of the School District. Specifically, the plaintiffs, who home-school their child, and who have refused publicly-funded special education services for their child, sought a declaration from this court that they are not required to submit their child to a State evaluation for purposes of determining whether or not their child is eligible for publicly-funded special education services.

By Decision and Order dated February 28, 2007, I granted plaintiffs' motion for summary judgment, and held that the plaintiffs were not required to subject their child to an examination for purposes of determining M.D.'s eligibility for special education services. Plaintiffs now seek an award of attorneys fees in the amount of $29,400 pursuant to Section 1415(i)(3)(B) of the IDEA on grounds that they were the prevailing party in this action. For the reasons set forth below, I deny plaintiffs' application for fees.

## DISCUSSION

The IDEA provides in relevant part that: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(I). Pursuant to this statute, courts are not obligated to award attorneys fees in every case in which a parent of a disabled child is a prevailing party, but instead, after evaluating the rights that were vindicated by the plaintiff in light of the purpose of the statute, may decide whether an award of fees is appropriate.

In the instant case, there is no dispute that the plaintiffs were the prevailing party. The IDEA, however, provides that fees may be awarded "as part of the costs . . . to a prevailing party

who is the parent of <u>a child with a disability</u>." 20 U.S.C. § 1415(i)(3)(B)(i)(I)(emphasis added).  Here, there has been no finding that M.D. is a child with a disability, and indeed the very purpose of the action brought by the plaintiffs was to prevent such a finding from being made.  Having invoked the IDEA to prevent the School District from determining whether or not M.D. is a child with a disability, the plaintiffs cannot now ask the court to award them fees pursuant to that statute on the basis that they are the parents of a child with a disability.

 Moreover, while the rights that were vindicated in this action are important personal rights that the plaintiffs enjoy, the action did not specifically further the purposes of the IDEA, which, according to Congress, was designed to ensure that "all children with disabilities have available to them a free appropriate public education . . . ."  20 U.S.C. § 1400(d)(1)(A).  As stated above, there has been no finding that M.D. is a child with a disability. Additionally, unlike cases in which a school may have attempted to shirk its responsibility to provide meaningful educational opportunities to a child with a disability, the School District in this case proactively attempted to determine whether or not M.D. needed special education services.  The purposes of the IDEA would not be served by shifting attorney's fees to a School District that was attempting to identify whether or not one of its students was entitled to special education services.  Indeed, imposition of fees in such a case could have a chilling effect on School Districts

which invoke the IDEA in an effort to assist those students who may benefit from special education services. Accordingly, I find that imposition of fees in this case is not warranted. The parents of M.D. have not been adjudicated to be parents of a child with a disability, and therefore, under the plain language of the statute, they are not entitled to recovery of attorney's fees. Additionally, because the School District in this case was attempting to further the goals of the IDEA by identifying whether or not M.D. was a child with a disability, and was not attempting to hinder or deprive any right M.D. may have had to special-education services, I find that an award of attorneys' fees is not warranted.

## CONCLUSION

For the reasons set forth above, I deny plaintiffs' motion for attorneys' fees.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 23, 2007